**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JIMMY CONNELL,       }<br>           *Plaintiff(s)*      }<br>                                  }<br>v.                               }<br>                                  }<br>NET-LINX PUBLISHING SOLUTIONS,  }<br>INC.,                          }<br>           *Defendant(s)*     } | CIVIL ACTION NO. H-05-0216 |

## ORDER

Pending before the court are Plaintiff's motion to dismiss (Instrument No. 22) and Defendant's motion to amend (Instrument No. 27). For the following reasons, the court **ORDERS** that Plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant's motion is **DENIED**.

Plaintiff Jimmy Connell ("Connell") makes three arguments in his motion: first, that Defendant Net-Linx Publishing Solutions Inc.'s ("Net-Linx") counterclaim for breach of contract should be dismissed for merely duplicating its affirmative defenses; second, that Net-Linx's fraud and negligent misrepresentation claims should be dismissed for failure to meet the pleading requirements of Rule 9(b); and third, that the court should decline to hear Net-Linx's declaratory judgment claim.

Net-Linx, in its motion to amend, argues that allowing it to add a counterclaim for breach of fiduciary duty would not prejudice Connell, "because the factual allegations necessary to support a claim for breach of fiduciary duty are present in Net-Linx's live pleadings and the supplement would result in no fundamental changes to the nature of the case." Resp. at 11 (citing Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 246 n.2 (5th Cir. 1997)).

## I. FACTS

Connell was the founder and majority shareholder of CompuText, Inc. ("Computext"). CompuText developed, marketed and supported layout software for newspaper publishers.

In September 2000, CompuText was acquired by Systems Integrators, Inc. ("System Integrators"), Net-Linx's predecessor in interest. Under the terms of the agreement, the stock and goodwill of CompuText were sold to Systems Integrators for two promissory notes and Connell's promise to become Net-linx's Chief Technology Officer.

Approximately eighteen months later, Connell and the other CompuText shareholders sued Net-Linx for non-payment on the note. However, before the case could reach a judgment, the parties agreed to settle their claims. As part of the settlement, they executed a new employment agreement ("the Employment Agreement") and a new promissory note ("the New Promissory Note"). The Employment Agreement required Connell to return to Net-Linx as Chief Technology Officer. He did so, remaining Chief Technology Officer until 30 November 2004, when he was fired.

On 24 January 2005, Connell sued Net-Linx for breaching the Employment Agreement by terminating him without just cause. See Complaint, Instrument No. 1. Net-Linx raised several affirmative defenses, but no counter-claims. On 30 June 2005, Net-Linx amended its answer to add counterclaims for breach contract and declaratory judgment. The declaratory judgment claim sought a declaration that Net-Linx (1) had not breached the Employment Agreement; (2) had not violated the provisions of the New Promissory Note; and (3) that "one or more acts or omissions by Plaintiff in procuring the New Promissory Note constitute fraud, misrepresentation, and/or omission which entitle Defendant to cease further payments under the New Promissory Note and seek restitution from Plaintiff for all amounts of interest and principal paid to Plaintiff by Defendant . . ." First Amended Answer, Instrument No. 10 ¶ 12.

On 25 July 2005, Connell filed a motion to dismiss or for more definite statement (Instrument No. 13). Connell argued that (1) Net-Linx's breach of contract and declaratory judgment of compliance claims should be dismissed as duplicating Net-Linx's defenses, (2) that Net-Linx's declaratory judgment claim regarding the New Promissory Note was nonjusticiable,

and (3) that Connell's fraud claim should be dismissed for failing to comply with the provisions of Federal Rule of Civil Procedure 9(b).

On 9 August 2005, the court issued its Order (Instrument No. 17), granting in part and denying in part Connell's motion to dismiss or for more definite statement. Specifically, the court ordered Net-Linx to file a second amended answer addressing the duplicative nature of some of its claims and to plead its fraud claim with particularity. On 29 August 2005, Net-Linx filed its Second Amended Answer (Instrument No. 18). Net-Linx's new pleading clarifies its breach of contract claim, re-casts its declaratory judgment claim, and adds fraud and misrepresentation claims.

## II. APPLICATION OF LAW TO THE FACTS

### A. Connell's Motion to Dismiss

In his latest motion to dismiss, Connell argues that Net-Linx's counterclaim for breach of contract remains duplicative of its affirmative defense of good cause. Plaintiff.'s Mot. at 3 (citing Albritton Properties v. American Empire Surplus Lines, 3:04-cv-2531, 2005 U.S. Dist. LEXIS 7330 (N.D. Tex. April 25, 2005)). According to Albritton, the critical question is whether Net-Linx's counterclaim would have greater ramifications than the original suit. Albritton, at *7-*8 ("the counterclaim must do more than merely deny the plaintiff's claim; it must instead seek affirmative relief."). In this case Net-Linx's counterclaim for breach of contract seeks ten million dollars in actual damages. See Defendant's Second Amended Answer and Counterclaims at 6, ¶11. This amount in controversy satisfies the rule expressed in Albritton. Therefore Net-Linx's counterclaim is proper.

Next, Connell argues that Net-Linx's fraud and misrepresentation claims should be dismissed for failing the requirements of Federal Rule of Civil Procedure 9(b). The court, in its last order, gave Net-Linx the opportunity to file a second amended answer to cure the deficiencies in its first amended answer. The court specifically reminded Net-Linx that Rule 9(b) requires fraud claims to state "the who, what, when, and where" of the alleged fraud. See Order at 2 n.1 (citing

3

Williams v. WMX Techs., 112 F.3d 175, 178 (5th Cir. 1997)). This rule also applies to negligent misrepresentation claims. Nazereth International Inc. v. J.C. Penney Co., 04-cv-1265, 2005 U.S. Dist. LEXIS 12608 at 3 (N.D. Tex. January 19, 2005) (citing Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003)). Net-Linx's Second Amended Answer, instead of repleading its original fraud claim with greater particularity, replaces it with entirely new claims of fraud and negligent misrepresentation. These new claims do not allege fraud relating to the New Promissory Note. Instead, they concern Connell's actions as Chief Technology Officer during his last tenure at Net-Linx, alleging that, between 11 June 2003 and 30 November 2004, Connell misrepresented the status of R&D projects under his supervision. Second Amended Answer 9:22 -11:27. These allegations are deficient in that they fail to specify to whom the misrepresentations were made, Connell's actual words, where the conversations took place, and the dates on which they occurred.

Finally, Connell argues that the court should decline to hear Net-Linx's declaratory judgment claim. The New Promissory Note identifies Net-Linx's creditors as the CompuText Shareholders, who are listed as Jimmy Connell, Suzette B. Connell, Melissa Connell and Sarah Connell. See New Promissory Note at 1. The Fifth Circuit has observed that the absence of necessary parties from the federal forum weighs against a federal court exercising its discretion to hear a declaratory judgment claim. Sherwin-Williams Co. v. Holmes County et al., 343 F.3d 383, 391 (2003). Here, only Jimmy Connell is a party to the present action, and joining the remaining shareholders would be impracticable. The court therefore declines to exercise its discretion to hear Net-Linx's claim.

B. Net-Linx's Motion to Amend

The last matter pending before the court is Net-Linx's motion to amend. Leave to amend "is by no means automatic." Parish v. Frazier, 195 F.3d 761, 762-3 (5th Cir. 1999); Little v. Liquid Air Corp., 952 F.2d 841, 845-6 (5th Cir. 1992); Addington v. Farmer's Elevator Mutual Insur. Co., 650 F.2d 663, 666 (5th Cir. 1981); Layfield v. Bill Heard Chevrolet Co., 607

F.2d 1097, 1099 (5th Cir. 1979).  Instead, the decision rests with the sound discretion of the trial court, which may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).  Because Net-Linx claims that its proposed amendment relies on no new facts, it must show that its delay in seeking leave to amend – approximately ten months – was due to "oversight, inadvertence, or excusable neglect."  Parish 195 F.3d at 763-4; Little, 952 F.2d at 846.  Net-Linx has not made this showing.  Moreover, allowing it to add a new cause of action at this late date would significantly prejudice Connell, who has not conducted discovery with an eye towards defending a breach of fiduciary duty claim.

### III. CONCLUSION

For the aforementioned reasons, the court **ORDERS** that Connell's motion to dismiss (Instrument No. 22) is **GRANTED-IN-PART and DENIED-IN-PART**: the motion to dismiss Net-Linx's fraud, misrepresentation and declaratory judgment claims is granted, but the motion to dismiss Net-Linx's breach of contract claim is denied.  Furthermore, it is **ORDERED** that Net-Linx's motion to amend (Instrument No. 27) is **DENIED**.

**SIGNED** at Houston, Texas, this 4th day of April, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE